IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF TENNESSEE
KNOXVILLE DIVISION

| | | |
|---|---|---|
| SANDRA THORN, individually and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | No. 3:04-CV-586 |
| NOVARTIS PHARMACEUTICALS CORPORATION, | ) ) ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

This civil action is before the court for consideration of plaintiffs' "Motion to
Add Additional Plaintiffs" [doc. 17]. Defendant has filed a response in opposition to the
motion [doc. 25] and a supplemental memorandum in opposition [doc. 56]. Also before the
court is "Plaintiffs' Motion for Leave to File Supplemental Brief in Support of Motion to
Add Additional Plaintiffs" [doc. 28].[1]


I.

This is a proposed class action lawsuit for injuries allegedly resulting from the
use of Aredia® or Zometa®, drugs manufactured by defendant Novartis Pharmaceuticals
Corporation ("NPC"). The original plaintiff, Sandra Thorn, was permitted to amend the

---

[1] This motion will be granted. The court has considered plaintiffs' supplemental brief in the
ruling reflected in this opinion.

complaint and add as a plaintiff Irene Jenkins. Sandra Thorn is a resident of Knoxville,

Tennessee, and Irene Jenkins is a resident of nearby Loudon County, Tennessee. Both

plaintiffs claim that they were prescribed and they purchased Aredia® and that as a result they

have both developed osteonecrosis of the mandible. These plaintiffs now seek to add twenty-

four new plaintiffs who are residents of 12 different states and two foreign countries. None

of the additional plaintiffs are located in Tennessee nor do they allege any connection with

the State of Tennessee. NPC opposes the addition of these plaintiffs on several grounds. For

the reasons stated herein, the motion to add additional plaintiffs will be denied.


## II.

Plaintiffs' motion seeks permissive joinder of parties and is governed by

Federal Rule of Civil Procedure 20(a), which provides in pertinent part that:

> [a]ll persons may join in one action as plaintiffs if they assert
> any right to relief jointly, severally, or in the alternative in
> respect of or arising out of the same transaction, occurrence, or
> series of transactions or occurrences and if any question of law
> or fact common to all these persons will arise in the action.

Fed. R. Civ. P. 20(a). "The purpose of [Rule 20(a)] is to promote trial convenience and

expedite the final determination of disputes, thereby preventing multiple lawsuits." *Mosley*

*v. Gen. Motors Corp.*, 497 F.2d 1330, 1332 (8th Cir. 1974); *see also Bridgeport Music, Inc.*

*v. 11C Music*, 202 F.R.D. 229, 231(M.D. Tenn. 2001). This purpose is in accord with the

underlying principle of the Federal Rules of Civil Procedure to permit "the broadest possible

2

scope of action consistent with fairness to the parties." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 724, 86 S. Ct. 1130, 1138, 16 L. Ed. 2d 218 (1966).

> The rule imposes two specific requisites to the joinder of parties: (1) a right to relief must be asserted by, or against, each plaintiff or defendant relating to or arising out of the same transaction or occurrence, or series of transactions or occurrences; and (2) some question of law or fact common to all the parties must arise in the action.

*Mosley*, 497 F.2d at 1333.

The common question test "does not require that all questions of law and fact raised by the dispute be common. Yet, neither does it establish any qualitative or quantitative test of commonality." *Id.* at 1334. This test is usually easy to satisfy. *Bridgeport Music,* 202 F.R.D. at 231 (citing 4 James Wm. Moore et al., *Moore's Federal Practice* ¶ 20.04 (3d ed. 1999)).

The transactional test "requires that, to be joined, parties must assert rights, or have rights asserted against them, that arise from related activities – a transaction or an occurrence or a series thereof." *Bridgeport Music*, 202 F.R.D. at 231 (citations omitted). "The words 'transaction or occurrence' are given a broad and liberal interpretation in order to avoid a multiplicity of suits." *Lasa Per L'Industria Del Marmo Societa Per Azioni v. Alexander*, 414 F.2d 143, 147 (6th Cir. 1969). The test is not easily applied and "generally requires a case by case analysis." *Bridgeport Music*, 202 F.R.D. at 232.

3

Whether to allow permissive joinder is within the sound discretion of the district court. *Ohio ex rel. Fisher v. Louis Trauth Dairy*, 856 F. Supp. 1229, 1239 (S. D. Ohio 1994) (citing *Swanigan v. Amadeo Rossi, S.A.*, 617 F. Supp. 66, 67 (E. D. Mich. 1985)). Even if the requirements of Rule 20(a) are met, the court in its discretion can still deny joinder or order severance. *Bridgeport Music*, 202 F.R.D. at 232 (citing 7 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane*, Federal Practice and Procedure* § 1652 (3d ed. 2001) ("[T]he court has discretion to deny joinder if it determines that the addition of the party under Rule 20 will not foster the objectives of the rule, but will result in prejudice, expense or delay.")).

III.

NPC contends that the claims of the twenty-four proposed plaintiffs in the third amended complaint do not arise out of the same transaction, occurrence, or series of transactions or occurrences. The court agrees.

NPC argues that according to the proposed third amended complaint, not all the proposed plaintiffs used the same NPC product: four proposed plaintiffs used Aredia®; eleven used Zometa®[2]; and nine used both products. In addition, NPC contends that because these proposed plaintiffs are from different states and two foreign countries, there is little likelihood that any of them were treated by the same physician, and therefore they would not

---

[2] NPC states in its brief that the two products at issue are chemically different.

have received the drugs from the same source. Plaintiffs merely make the conclusory statement that all the plaintiffs are seeking damages resulting from use of the same pharmaceutical and each plaintiff has suffered osteonecrosis of the jaw.

In support of its position that joinder is not appropriate, NPC cites the court to a series of cases that present circumstances factually similar to this case that deal with injuries caused by a pharmaceutical or other products. The court has reviewed these cases and finds them to be persuasive.

In *Graziose v. American Home Products Corp*., 202 F.R.D. 638 (D. Nev. 2001), consumers claimed injuries from the use of medicines containing phenylpropanolamine, and the district court held that the requirements for permissive joinder were not met. The court stated that "[t]he purchases/ingestions of the medications in question clearly did not arise out of the same transaction or a series of transactions. They occurred at different times. The medicines were different. The retailers were different. The manufacturers were different." *Id*. at 640.

In *In re Diet Drugs Products Liability Litigation*, No. Civ.A. 98-20478,1999 WL 554584 (E.D. Pa. July 16, 1999), the plaintiffs took the position that the requirements of Rule 20(a) were met because all of them were harmed by the diet drugs that the defendants manufactured, marketed, and sold and because their purchases of the diet drugs were a series of transactions. The district court denied joinder and held that "[t]he claims of plaintiffs who have not purchased or received diet drugs from an identical source, such as a physician,

5

hospital or diet center, do not satisfy the transaction or occurrence requirement." *Id*. at *4. The district court relied on *In re Orthopedic Bone Screw Products Liability Litigation*, MDL No. 1014, 1995 WL 428683 (E.D. Pa. July 17, 1995). The district court in *Bone Screw* held that in order to satisfy the transaction and occurrence requirement of Rule 20(a), "the central facts of each plaintiff's claim [must] arise on a somewhat individualized basis out of the same set of circumstances." *Id*. at *2.

In *Bone Screw*, the plaintiffs had undergone surgery in which a device had been implanted in or near their spine. The district court concluded that "joinder based on the belief that the same occurrence or transaction is satisfied by the fact that claimants have the same or similar device of a defendant manufacturer implanted in or about their spine, is likewise not a proper joinder under Federal Rule of Civil Procedure 20." *Id*. at *6. In reaching this conclusion, the court noted:

> there are many differences between the unique histories of each plaintiff. This case is not one where all of the plaintiffs were harmed at the same location or worked for the same company and allegedly suffered employment discrimination at the hands of one employer. In this case, plaintiffs from many states went to different doctors or teams of doctors and medical facilities and providers . . . for different reasons, and underwent surgery at different times in what could likely be over one thousand different medical providers locations staffed by different personnel.

*Id*. at *2 (internal citations omitted).

These same considerations exist in this case. The proposed plaintiffs are from twelve different states and two foreign countries; they all have unique medical histories; they

were given one or both of the subject drugs for different types of cancer;[3] they undoubtedly all saw different doctors or teams of doctors at different medical facilities; and they were undoubtedly all treated at different times. The court concludes that the claims of the twenty-four proposed plaintiffs do not arise out of the same transaction, occurrence or series of transactions or occurrences. Joinder under Rule 20(a) is therefore not proper.

NPC also argues that the proposed complaint does not meet the common question of law or fact test. The court does not need to reach this issue because plaintiffs have failed to meet the transaction or occurrence requirement. Nevertheless, even if the proposed plaintiffs' claims have common questions of law or fact, the court would exercise its discretion and deny joinder. To permit joinder would subject NPC to unreasonable expense and prejudice and would impede the administration of justice. "[A] Rule 20(a) motion will be denied where joinder would result in prejudice, expense, or undue delay." *Contawe v. Crescent Heights of Am., Inc.*, No. Civ.A.04-2304, 2005 WL 1400383, at *2 (E.D. Pa. June 14, 2005). Adding the proposed twenty-four plaintiffs would not fulfill the purpose of Rule 20.

Each of the proposed twenty-four plaintiffs have individual medical histories, and have undergone treatment by undoubtedly different oncologists, dentists, and oral and maxillofacial surgeons, as well as primary care physicians. Discovery concerning all of these

---

[3] The proposed third amended complaint identifies breast cancer, multiple myloma, bone marrow leukemia, and renal cell carcinoma as the diseases for which the subject drugs were prescribed. With regard to one of the proposed plaintiffs, Carol Hill, no reason is given why she was prescribed both of the subject drugs.

medical providers would have to be taken and could not be completed within the time frame of the existing scheduling order. NPC points out that discovery from third parties in Israel and Denmark would need to be obtained through the Hague Convention, a process that is difficult and expensive. The trial would also be made exceedingly more difficult, confusing, and burdensome by the addition of these new plaintiffs, and the final determination of the parties' disputes would be delayed rather than expedited if joinder were permitted.

In addition, the proposed plaintiffs do not lose their causes of action if joinder is denied. The statute of limitations on their claims is tolled pending the decision regarding class certification. *Am. Pipe & Constr. Co. v. Utah*, 414 U.S. 538, 554, 94 S. Ct. 756, 766, 38 L. Ed. 2d 713 (1974); *Crown, Cork & Seal Co. v. Parker*, 462 U.S. 345, 349-50, 103 S. Ct. 2392, 2395-96, 76 L. Ed. 2d 628 (1983). The proposed plaintiffs retain the opportunity to file a lawsuit in their own jurisdiction.

The court further notes that plaintiffs have the burden of convincing this court that joinder under Rule 20(a) is appropriate. *Contawe*, 2005 WL 1400383 at *2 ("Plaintiffs have not succeeded in persuading this Court that inclusion of additional plaintiffs would further the twin aims of trial convenience and expeditious dispute resolution."); *Adams v. Alliant Techsystems, Inc.*, No. CIV.A.7:99CV00813, 2002 WL 220934, at *2 (W.D. Va. Feb. 13, 2002) ("Plaintiffs have not met their burden of showing that all of their claims are properly joined under Rule 20(a)."); *Minasian v. Standard Chartered Bank, PLC*, No. 93 C 6131, 1994 WL 395178, at *4 (N.D. Ill. July 27, 1994) ("Plaintiffs have not met their burden

8

to show that the claims of the proposed plaintiffs arise out of the same transaction or occurrence or series of transactions or occurrences."). Plaintiffs herein have completely failed to carry that burden. Their initial motion did not include a supporting brief, and their supplemental brief was wholly inadequate.[4] In addition, plaintiffs made no effort to reply to the well documented arguments in NPC's response to the motion.

Accordingly, for the reasons stated herein, plaintiffs' "Motion to Add Additional Plaintiffs" [doc. 17] will be denied. An order reflecting this opinion will be entered.

ENTER:

_____ s/ Leon Jordan _____
United States District Judge

---

[4] The entire brief is two pages and contains only one case citation.

10