UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| SANDRA THORN and IRENE JENKINS, individually and on behalf of all others similarly situated, ) ) ) ) Plaintiffs, ) ) v. ) ) NOVARTIS PHARMACEUTICALS ) CORPORATION, ) ) Defendant. ) | No. 3:04-CV-586 (Jordan/Shirley) |

## **MEMORANDUM AND ORDER**

This matter is before the undersigned pursuant to 28 U.S.C. § 636(b), the Rules of this Court, and by Order [Docs. 39, 42, 51] of the Honorable Leon Jordan, United States District Judge, for disposition of Defendant's Motion to Compel Plaintiff Irene Jenkins to Provide Initial Disclosures or to Preclude Use of Undisclosed Information [Doc. 35]; Defendant's Motion to Compel Disclosures and Discovery from Plaintiff Sandra Thorn [Doc. 37]; Defendant's Motion to Compel Adequate Responses to Novartis Pharmaceuticals Corporation's Second Set of Interrogatories to Sandra Thorn [Doc. 40]; and Defendant's Motion to Compel Discovery from Plaintiff Irene Jenkins [Doc. 46]. The undersigned held a hearing on these motions on September 27, 2005.

Novartis Pharmaceuticals Corporation ("Novartis") moves the Court for an Order compelling plaintiffs Irene Jenkins and Sandra Thorn (1) to provide the initial disclosures required

by Fed. R. Civ. P. 26(a)(1) or to preclude them from using as evidence any witness or information not disclosed [Docs. 35, 37] and (2) to provide full and complete responses to the defendant's interrogatories and requests for the production of documents [Docs. 37, 40, 46]. Novartis further requests that the Court award the costs incurred in bringing this motion and impose sanctions to protect Novartis from prejudice as a result of the plaintiffs' failure to make proper initial disclosures and respond to discovery.

The plaintiffs filed a terse response to the defendant's motions, stating only that the plaintiffs have provided full and complete disclosures and responses to the defendant's requests for discovery. [Doc. 64]. Plaintiffs' counsel conceded at the hearing, however, that the plaintiffs' disclosures and responses are inadequate and need to be supplemented. The Court has reviewed the plaintiffs' initial disclosures and responses to the defendant's interrogatories and requests for production and find them to be wholly inadequate. They are violative of not only the letter but also the spirit of the Rules of Civil Procedure. In short, the plaintiffs' disclosures and responses to date have been abysmal.

Accordingly, for good cause shown, Defendant's Motions to Compel [Docs. 35, 37, 40, 46] are **GRANTED** to the extent stated as follows. First, the plaintiffs shall serve full and complete initial disclosures pursuant to Fed. R. Civ. P. 26(a) on the defendant within thirty (30) days of the entry of this Order. Failure to provide witnesses or information required to be disclosed by Rule 26(a) may result in the imposition of sanctions, including the plaintiffs being barred from using any such witness or information not so disclosed as evidence at a trial, hearing or on any motion. See Fed. R. Civ. P. 37(c)(1).

Second, the plaintiffs shall serve full and complete responses to the defendant's interrogatories and requests for production within thirty (30) days of the entry of this Order. The plaintiffs are hereby put on notice that failure to cooperate in discovery and to follow the Orders of this Court may result in monetary sanctions and possibly the dismissal of certain claims or this lawsuit in its entirety. See Fed. R. Civ. P. 37(b)(2)(C).

The defendant has moved [Doc. 59] for a 120-day extension of certain deadlines related to the issue of class certification, namely the deadlines for the completion of fact discovery; the disclosure and discovery of experts; and the filing of motions related to class certification. The plaintiff does not object to any of these proposed extensions. The undersigned finds that the requested extensions would be appropriate under the circumstances; however, as the defendant's Motion to Modify the Scheduling Order [Doc. 59] has not been referred to the undersigned, the defendant is directed to contact the District Court regarding these extensions.

Finally, the defendant's request for an award of expenses is **GRANTED**. See Fed. R. Civ. P. 37(a)(4). The plaintiffs and their counsel, Mr. Threadgill, shall be required to pay to the defendant the reasonable expenses incurred in filing these motions. However, because the prejudice to the defendant can be alleviated or eliminated by the likely modification of the Scheduling Order, and because at least partial disclosures and responses were provided, and in deference to the plaintiffs, who are apparently elderly, in poor health, and of limited financial means, and due to their apparent lack of complicity with their counsel in failing to provide adequate disclosures and repsonses, such award shall not exceed the sum of one thousand dollars ($1,000.00). The Court finds that any additional award against the plaintiffs at this time would be unjust. However, if plaintiffs' counsel continues to file inadequate discovery responses or otherwise fails to comply with

3

the Orders of this Court, future monetary awards may be sizeable and could be assessed against counsel alone.

**IT IS SO ORDERED.**

                                    **ENTER:**

                                    <u>   s/ C. Clifford Shirley, Jr.   </u>
                                    United States Magistrate Judge